UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10-cr-xxxxx-JDB |
| | ) | |
| | ) | Filed: |
| v. | ) | |
| | ) | Violation:     15 U.S.C § 1 |
| NORTHWEST AIRLINES LLC, | ) | |
| | ) | **FILED** |
| Defendant. | ) | |
| | ) | **AUG 2 7 2010** |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## PLEA AGREEMENT

The United States of America and NORTHWEST AIRLINES LLC[1], ("defendant"), a

limited liability company organized and existing under the laws of Delaware, hereby enter into

the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

      (a)      to be represented by an attorney;

      (b)      to be charged by Indictment;

      (c)      to plead not guilty to any criminal charge brought against it;

---

[1] Northwest Airlines LLC is a subsidiary of Delta Air Lines, Inc. and the successor to Northwest Airlines Corp. (of which Northwest Airlines, Inc. was the wholly-owned subsidiary).

(d)    to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)    to appeal its conviction if it is found guilty; and

(g)    to appeal the imposition of a sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above.  The defendant also agrees to waive any objection or defense it may have to the prosecution of the charged offense in the United States District Court for the District of Columbia based on venue.  The defendant also agrees to waive any claim, objection, defense and right to file any appeal relating to the imposition of a fine or the payment of any fine imposed pursuant to its guilty plea in this matter on the basis of bankruptcy or related proceedings discharging liabilities.  For purposes of clarity, the defendant expressly reserves the right to raise a bankruptcy discharge defense to any other claim of the United States within the meaning of the bankruptcy laws, except as expressly agreed herein and the United States expressly reserves all claims and defenses it may have in any such proceeding.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court.

2

This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Columbia. The Information will charge that the defendant, through Northwest Airlines Cargo, participated in a combination and conspiracy to suppress and eliminate competition by fixing the cargo rates charged to customers in the United States and elsewhere for international air shipments, from at least as early as July 2004 until at least February 14, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

### FACTUAL BASIS FOR OFFENSE CHARGED

4.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts against the defendant:

(a)      For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as July 2004 until at least February 14, 2006. During the relevant period, Northwest Airlines Corp., defendant's predecessor, was organized and existed under the laws of the state of Delaware with its principal place of business in Eagan, Minnesota. During the relevant period, Northwest Airlines Cargo, a division of Northwest Airlines, Inc. (the principal wholly-owned subsidiary of the defendant's

3

predecessor), provided international air transportation services for cargo ("air cargo

services") on certain trans-Pacific routes to and from the United States and employed

more than 1,000 individuals.  For purposes of this Plea Agreement, "air cargo services"

shall mean the shipment by air transportation for any portion of transit of any good,

property, mail, product, container or item, such as heavy equipment, perishable

commodities, and consumer goods.  For its air cargo services, Northwest Airlines Cargo

charged its customers a price that consisted of a base rate and, at times during the

relevant period, various fees and surcharges, such as a fuel surcharge.  The amount of the

base rate and surcharges charged by Northwest Airlines Cargo could vary based on the

type and weight of the shipment, the origin and/or destination of the shipment, and the

nature of the goods or products being shipped.  The base rate, fees, and surcharges

charged by Northwest Airlines Cargo to customers of air cargo services are collectively

referred to herein as the "cargo rate."  During the relevant period, Northwest Airlines

Cargo's sales of air cargo services from the United States totaled at least $81.4 million.

(b)     During the relevant period, Northwest Airlines Cargo, through its officers

and employees, including high-level personnel, participated in a conspiracy with one or

more providers of air cargo services, a primary purpose of which was to suppress and

eliminate competition by fixing one or more components of the cargo rates charged to

customers for certain U.S./Japan air cargo services.  In furtherance of the conspiracy,

Northwest Airlines Cargo, through its officers and employees, engaged in discussions

and attended meetings with representatives of one or more providers of air cargo

services.  During these discussions and meetings, agreements were reached to fix one or

4

more components of the cargo rates to be charged to purchasers of certain U.S./Japan air cargo services.

(c)     During the relevant period, certain air cargo shipments provided by one or more of the conspirator carriers, and aircraft necessary to transport the air cargo shipments, as well as payments for the air cargo shipments, traveled in interstate and foreign trade and commerce.  The business activities of Northwest Airlines Cargo and its co-conspirators in connection with the sale and provision of air cargo services affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)     $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.     In addition, the defendant understands that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

5

(b)      pursuant to §8B1.1 of the United States Sentencing Guidelines

("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)      pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the

defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.      The defendant understands that the Sentencing Guidelines are advisory, not

mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing,

along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

sentence.  The defendant understands that the Guidelines determinations will be made by the

Court by a preponderance of the evidence standard.  The defendant understands that although the

Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its

sentence must be reasonable based upon consideration of all relevant sentencing factors set forth

in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-

incriminating information that the defendant and the cooperating officers and employees of the

defendant, its subsidiaries, and Northwest Airlines Cargo have provided and will provide to the

United States pursuant to this Plea Agreement will not be used to increase the volume of affected

commerce attributable to the defendant or in determining the defendant's applicable Guidelines

range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

agree that the appropriate disposition of this case is, and agree to recommend jointly that the

Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of

$38 million, payable in full before the thirtieth (30th) day after the date of judgment with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) beginning on the fifteenth (15th) day after the date of judgment ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

**Guidelines Analysis**

      (a)     Pursuant to U.S.S.G. §8C2.5, the defendant's culpability score is 7. This number is calculated by starting with 5 points, pursuant to U.S.S.G. §8C2.5(a); adding 4 points because the organization had more than 1,000 but less than 5,000 employees and an individual within high-level personnel of the organization participated in, condoned or was willfully ignorant of the offense, pursuant to U.S.S.G. §8C2.5(b)(2)(A)(i); and subtracting 2 points because the defendant fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, pursuant to U.S.S.G. §8C2.5(g)(2). Accordingly, the minimum multiplier to be applied to the base fine is 1.4 and the maximum multiplier is 2.8, pursuant to U.S.S.G. §8C2.6.

      (b)     The base fine is 20% of the volume of commerce, pursuant to U.S.S.G. §2R1.1(d)(1) and §8C2.4(a) and (b). The parties agree that the affected volume of commerce attributable to the defendant for purposes of the Information is $81.4 million,

adjusted to reflect information provided to the United States pursuant to U.S.S.G.

§1B1.8.  The base fine for relevant air cargo shipments from the United States is $16.3

million (20% of $81.4 million).  Applying the multipliers of 1.4 and 2.8 to this amount,

the fine range for the relevant air cargo shipments from the United States is between

$22.8 million and $45.6 million.

      (c)     The volume of affected commerce calculation in paragraph 8(b) above

does not include commerce related to the defendant's cargo shipments on routes into the

United States.  The defendant takes the position that any agreements reached with

competitors with respect to cargo shipments on routes into the United States should not

be included in the defendant's volume of affected commerce calculation pursuant to

U.S.S.G. §2R1.1(d)(1).  The United States disputes the defendant's position and contends

that the defendant's cargo shipments on routes into the United States during the charged

conspiracy period violated the U.S. antitrust laws.  Moreover, the United States asserts

that a Guidelines fine calculation that fails to account for cargo shipments into the United

States affected by the conspiracy charged in the Information would understate the

seriousness of, and the harm caused to U.S. victims by, the offense and would not

provide just punishment.

      (d)     The parties recognize the complexity of litigating the issues set forth in

Paragraph 8(c) and the resulting burden on judicial and party resources, and agree that

the appropriate resolution of these issues is to impose a fine in the upper half of the

Guidelines sentencing range, in order to reflect commerce attributable to cargo shipments

on routes into the United States from Japan.  The parties agree that the appropriate fine

for the commerce affected by the defendant's participation in the charged conspiracy is $38 million.

(e)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(f)     Based on the defendant's assistance, all parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(g)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 9, will provide sufficient information concerning the defendant, the crime charged in this case, and Northwest Airlines Cargo's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States and the defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1.  The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9.     Subject to the ongoing, full, and truthful cooperation of the defendant, as described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the

defendant's cooperation and its commitment to prospective cooperation with the United States'

investigation and prosecutions, all material facts relating to Northwest Airlines Cargo's

involvement in the charged offense, and all other relevant conduct.

10.     In consideration of this Plea Agreement, Delta Air Lines, Inc., defendant's parent

company, knowingly and voluntarily agrees, through its authorized representative, that it

guarantees payment to the United States of the criminal fine imposed on the defendant pursuant

to this Plea Agreement.  Acknowledgment of the guaranty of payment by Delta Air Lines, Inc. is

confirmed by its authorized representative signing this Plea Agreement.

11.     The United States and the defendant understand that the Court retains complete

discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

Agreement.

(a)     If the Court does not accept the recommended sentence, the United States

and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below,

shall be rendered void.

(b)     If the Court does not accept the recommended sentence, the defendant will

be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant

withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made

in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or

this Plea Agreement or made in the course of plea discussions with an attorney for the

government shall not be admissible against the defendant in any criminal or civil

proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant

agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea

Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of

this Plea Agreement shall be tolled for the period between the date of the signing of the

Plea Agreement and the date the defendant withdrew its guilty plea or for a period of

sixty (60) days after the date of the signing of the Plea Agreement, whichever period is

greater.

12.     The United States agrees that it will not seek a restitution order for the offense

charged in the Information.

### DEFENDANT'S COOPERATION

13.     The defendant and its subsidiaries will cooperate fully and truthfully with the

United States in the prosecution of this case, the conduct of the current federal investigation of

violations of federal antitrust and related criminal laws involving the sale of air cargo services,

any other federal investigation resulting therefrom, and any litigation or other proceedings

arising or resulting from such investigation to which the United States is a party ("Federal

Proceeding").  The ongoing, full, and truthful cooperation of the defendant and its subsidiaries

shall include, but not be limited to:

        (a)     producing to the United States all non-privileged documents, information,

and other materials (with translations into English), wherever located, in the possession,

custody, or control of the defendant or any of its subsidiaries requested by the United

States in connection with any Federal Proceeding; and

        (b)     using its best efforts to secure the ongoing, full, and truthful cooperation,

as defined in Paragraph 14 of this Plea Agreement, of the current and former directors,

officers, and employees of Northwest Airlines Cargo, the defendant or any of defendant's

subsidiaries as may be requested by the United States–but excluding, Richardson Sells,

Yuki Okazoe, Aaron Lo, and Norman Greer–including making these persons available in

11

the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14.     The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18

U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)      agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.      Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its subsidiaries for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of air cargo services.  The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16.      The United States agrees to the following:

(a)      Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, or employee of Northwest Airlines Cargo,

13

the defendant or defendant's subsidiaries for any act or offense committed before the date

of this Plea Agreement and while that person was acting as a director, officer, or

employee of Northwest Airlines Cargo, the defendant or defendant's subsidiaries that

was undertaken in furtherance of an antitrust conspiracy involving the sale of air cargo

services ("Relevant Offense"), except that the protections granted in this paragraph shall

not apply to Richardson Sells, Yuki Okazoe, Aaron Lo, and Norman Greer;

     (b)     Should the United States determine that any current or former director,

officer, or employee of Northwest Airlines Cargo, the defendant or defendant's

subsidiaries may have information relevant to any Federal Proceeding, the United States

may request that person's cooperation under the terms of this Plea Agreement by written

request delivered to counsel for the individual (with a copy to the undersigned counsel

for the defendant) or, if the individual is not known by the United States to be

represented, to the undersigned counsel for the defendant;

     (c)     If any person requested to provide cooperation under Paragraph 16(b) fails

to comply with his or her obligations under Paragraph 14, then the terms of this Plea

Agreement as they pertain to that person, and the agreement not to prosecute that person

granted in this Plea Agreement, shall be rendered void;

     (d)     Except as provided in Paragraph 16(e), information provided by a person

described in Paragraph 16(b) to the United States under the terms of this Plea Agreement

pertaining to any Relevant Offense, or any information directly or indirectly derived from

that information, may not be used against that person in a criminal case, except in a

prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration

(18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its subsidiaries.

17.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

18.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division,

based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its subsidiaries as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

19.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its subsidiaries have failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or

facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its subsidiaries shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offense relating to the investigation resulting in this Plea Agreement. The defendant and its subsidiaries agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its subsidiaries for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     The defendant understands and agrees that in any further prosecution of it or its subsidiaries resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its subsidiaries' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its subsidiaries, or current or former directors, officers, or employees of Northwest Airlines Cargo, defendant or defendant's subsidiaries to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its subsidiaries in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

24.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26.     A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _July 30, 2010_                           Respectfully submitted,

BY: _____       BY: _Mal C. Grundy_

Leslie Klemperer                                  Mark R. Rosman, Assistant Chief
Vice President & Secretary                        Mark C. Grundvig,, Trial Attorney
NORTHWEST AIRLINES LLC                            Brent Snyder, Trial Attorney
Defendant                                         Kathryn M. Hellings, Trial Attorney

BY: _____

Paul Jacobson                                     U.S. Department of Justice
Senior Vice President -                           Antitrust Division
  Finance & Treasurer                             450 5th Street, N.W.
DELTA AIR LINES, INC.,                            Suite 11300
Guarantor                                         Washington, D.C. 20530

                                                  Tel: (202) 305-1878
                                                  Fax: (202) 514-6525
BY: _____

Donald L. Flexner
Boies, Schiller & Flexner LLP
575 Lexington Avenue
7th Floor
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

James P. Denvir
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue
Suite 800
Washington, D.C. 20015
Tel: (202) 237-2727
Fax: (202) 237-6131

Counsel for Northwest Airlines, LLC
and Delta Air Lines, Inc.

19

26.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _July 30, 2010_                    Respectfully submitted,


BY: _Leslie Klemperer_            BY: _____
Leslie Klemperer                          Mark R. Rosman, Assistant Chief
Vice President & Secretary                Mark C. Grundvig,, Trial Attorney
NORTHWEST AIRLINES LLC                    Brent Snyder, Trial Attorney
Defendant                                 Kathryn M. Hellings, Trial Attorney

BY: _____       U.S. Department of Justice
Paul Jacobson                             Antitrust Division
Senior Vice President -                   450 5th Street, N.W.
  Finance & Treasurer                     Suite 11300
DELTA AIR LINES, INC.,                    Washington, D.C. 20530
Guarantor

                                          Tel: (202) 305-1878
                                          Fax: (202) 514-6525
BY: _____
Donald L. Flexner
Boies, Schiller & Flexner LLP
575 Lexington Avenue
7th Floor
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

James P. Denvir
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue
Suite 800
Washington, D.C. 20015
Tel: (202) 237-2727
Fax: (202) 237-6131

Counsel for Northwest Airlines, LLC
and Delta Air Lines, Inc.

19

26.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: July 30, 2010                    Respectfully submitted,

BY: _____        BY: _____
     Leslie Klemperer                         Mark R. Rosman, Assistant Chief
     Vice President & Secretary                Mark C. Grundvig,, Trial Attorney
     NORTHWEST AIRLINES LLC                    Brent Snyder, Trial Attorney
     Defendant                                 Kathryn M. Hellings, Trial Attorney

BY: _____               U.S. Department of Justice
     Paul Jacobson                            Antitrust Division
     Senior Vice President -                  450 5th Street, N.W.
       Finance & Treasurer                    Suite 11300
     DELTA AIR LINES, INC.,                   Washington, D.C. 20530
     Guarantor
                                              Tel: (202) 305-1878
                                              Fax: (202) 514-6525
BY: _____
     Donald L. Flexner
     Boies, Schiller & Flexner LLP
     575 Lexington Avenue
     7th Floor
     New York, New York 10022
     Tel: (212) 446-2300
     Fax: (212) 446-2350

     James P. Denvir
     Boies, Schiller & Flexner LLP
     5301 Wisconsin Avenue
     Suite 800
     Washington, D.C. 20015
     Tel: (202) 237-2727
     Fax: (202) 237-6131

     Counsel for Northwest Airlines, LLC
     and Delta Air Lines, Inc.

19

26.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.


DATED: _____7/30/10_____          Respectfully submitted,


BY: _____     BY: _____
      Leslie Klemperer                   Mark R. Rosman, Assistant Chief
      Vice President & Secretary          Mark C. Grundvig,, Trial Attorney
      NORTHWEST AIRLINES LLC              Brent Snyder, Trial Attorney
      Defendant                           Kathryn M. Hellings, Trial Attorney

BY: _____           U.S. Department of Justice
      Paul Jacobson                       Antitrust Division
      Senior Vice President -             450 5th Street, N.W.
        Finance & Treasurer               Suite 11300
      DELTA AIR LINES, INC.,              Washington, D.C. 20530
      Guarantor
                                          Tel: (202) 305-1878
                                          Fax: (202) 514-6525
BY: _____
      Donald L. Flexner
      Boies, Schiller & Flexner LLP
      575 Lexington Avenue
      7th Floor
      New York, New York 10022
      Tel: (212) 446-2300
      Fax: (212) 446-2350

      James P. Denvir
      Boies, Schiller & Flexner LLP
      5301 Wisconsin Avenue
      Suite 800
      Washington, D.C. 20015
      Tel: (202) 237-2727
      Fax: (202) 237-6131

      Counsel for Northwest Airlines, LLC
      and Delta Air Lines, Inc.

19